IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD SEENEY,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      Civil Action No. 21-1564-MN-SRF
                                         )
INSURANCE COMPANY OF                     )
NORTH AMERICA, *et al.*,                 )
                                         )
            Defendants.                  )

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Presently before the court in this insurance bad faith breach of contract action are motions
to remand the action to state court (D.I. 3; D.I. 6)[1] and to strike Defendants' answer and
Defendants' opposition to Plaintiff's motion for default judgment (D.I. 9)[2] filed by Plaintiff
Richard Seeney ("Plaintiff"),[3] and a motion to vacate the partial default judgment filed by
Defendants Insurance Company of North America ("INA"), ACE Property and Casualty
Insurance Company ("ACE"), and ESIS, Inc. ("ESIS") (collectively, "Defendants") (D.I. 26).[4]
As indicated in the chart, *infra*, and for the reasons that follow, the court recommends

---

[1] The briefing for Plaintiff's motion to remand is as follows:  Plaintiff's opening brief (D.I. 3),
Defendants' answering brief (D.I. 12), and Plaintiff's reply brief (D.I. 13).  For purposes of this
Report and Recommendation, the court treats Plaintiff's motion to amend the motion to remand
(D.I. 6) as an amendment rather than a separate motion, as the responsive briefs address all
arguments raised therein.

[2] The briefing for Plaintiff's motion to strike is as follows:  Plaintiff's opening brief (D.I. 10),
Defendants' answering brief (D.I. 17), and Plaintiff's reply brief (D.I. 18).

[3] During the pendency of the motions, Defendants filed a Notice of Suggestion of Death of
Plaintiff, indicating that Plaintiff died March 7, 2022.  (D.I. 40)

[4] The briefing for Defendants' motion to vacate the partial default judgment is as follows:
Defendants' opening brief (D.I. 26), Plaintiff's answering brief (D.I. 27), and Defendants' reply
brief (D.I. 28).

DENYING Plaintiff's motion to remand and motion to strike and GRANTING Defendants'

motion to vacate.

| Motion | Recommendation |
|---|---|
| Motion to Remand (D.I. 3; D.I. 6) | DENY |
| Motion to Strike Defendants' Answer and Defendants' Response in Opposition to Motion for Default (D.I. 9) | DENY |
| Motion to Vacate Partial Default Judgment (D.I. 26) | GRANT |

## II.   BACKGROUND

In 1969, Plaintiff Seeney was catastrophically injured in an industrial accident while

working for Marvel Construction Company ("Marvel").[5]  (D.I. 1, Ex. A at ¶¶ 1, 16-17)  His

injuries included, *inter alia*, complete severance of his spinal cord at the T12 vertebra, complete

paralysis of everything below his umbilicus, and complete kidney failure involving both kidneys.

(*Id.* at ¶ 16)  As a result of the accident, Plaintiff met the criteria for catastrophic loss as defined

under 19 *Del. C.* § 2326(e), was entitled to medical treatment for life, and was presumed to be

entitled to lifetime total disability under 19 *Del. C.* §§ 2324 and 2326(e).  (*Id.* at ¶ 17)  Defendant

INA provided worker's compensation insurance to Plaintiff's employer.  (*Id.* at ¶¶ 2, 12)

Defendant ACE is the parent company of INA.  (*Id.* at ¶ 3)  Defendant ESIS is also wholly

owned by ACE and is the third-party administrator ("TPA") responsible for handling the claim

arising from Plaintiff's industrial accident.  (*Id.* at ¶¶ 4, 12)

The complaint alleges that "for decades" the Defendants repeatedly failed to timely pay

the Plaintiff's medical expenses, services, treatment and supplies in violation of their obligations

under 19 *Del. C.* § 2322F(h).  (*Id.* at ¶ 27-28)  The Plaintiff presented claims for his medical

---

[5] Plaintiff adopts the name of his employer as it appears in Industrial Accident Board documents.
(D.I. 1, Ex. A at ¶ 1 n.1)

expenses to Delaware's Industrial Accident Board ("I.A.B." or "Board") and received an award

on July 20, 2021, which included the costs for ongoing kidney treatment provided by Fresenius

as of July 24, 2020. (D.I. 34 at 165-67)[6]  The I.A.B. found that Marvel accepted compensability

of the kidneys on the first day of the hearing, March 12, 2021.  (*Id.* at 167)  Notwithstanding its

acceptance of compensability, Defendants did not pay the medical costs for the kidney treatment.

(D.I. 1, Ex. A at ¶¶ 26-31)  Defendants' failure to pay caused the Plaintiff to make a written

*Huffman* demand on July 22, 2021, pursuant to 19 *Del. C.* § 2357.  (*Id.* at ¶¶ 31-32); *See*

*Huffman v. C.C. Oliphant & Sons,* 432 A.2d 1207 (Del. 1981).

  A *Huffman* demand provides an additional remedy to an employee in which the employee

may elect to proceed under 19 *Del. C.* § 2357 in a court of law rather than before the I.A.B.  *Id.*

at 1210-1211.  When the I.A.B. determines that certain medical expenses are compensable, the

injured employee may then demand payment from the employer or its insurer, and if this demand

is not satisfied within 30 days, invoke the remedies available under Section 2357 by bringing a

civil suit in a court of competent jurisdiction.  *See Correa v. Pa. Mfrs. Ass'n Ins. Co.*, 618 F.

Supp. 915, 921 (D. Del. 1985).[7]

  The Plaintiff claims that, despite his *Huffman* demand, the kidney treatment bills

remained unpaid, and the Plaintiff made six additional demands for payment through September

---

[6] *Seeney v. Marvel Constr. Co.*, No. 1504254 (Del. I.A.B. July 20, 2021).

[7] 19 Del. C. § 2357 provides that "If default is made by the employer for 30 days after demand in
the payment of any amount due under this chapter, the amount may be recovered in the same
manner as claims for wages are collectible."  19 Del. C. § 2357.  Delaware's Wage Payment and
Collection statute recites, in part, that an employer who, "without any reasonable grounds for
dispute, fails to pay an employee wages…shall, in addition, be liable to the employee for
liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday
and legal holidays, upon which such failure continues after the day upon which payment is
required or in an amount equal to the unpaid wages, whichever is smaller…"  19 *Del. C.* §
1103(b).  Failure to satisfy a *Huffman* demand also results in an award of attorney's fees and
costs to the injured employee.  *See Huffman*, 432 A.2d at 1211.

22, 2021.  (D.I. 1, Ex. A at ¶¶ 33-36, 38-39)  Defendants represented to the I.A.B. that Plaintiff

never provided the Fresenius bills until after the time for appealing the I.A.B.'s July 20, 2021

decision had expired.  (D.I. 6, Ex. 2 at 1-2)[8]  In a later hearing before the I.A.B. on September 8,

2021, the Defendants confirmed receipt of the bills as of that date.  (*Id.* at 2)  However, in the

interim, on August 24, 2021, Plaintiff recorded the I.A.B.'s July 20, 2021 award of worker's

compensation benefits as a judgment in the Superior Court following the expiration of the appeal

period in accordance with 19 *Del. C.* § 2349.[9]  (D.I. 34 at 3)  Thereafter, on September 30, 2021,

Plaintiff commenced the instant lawsuit in the Superior Court.  (D.I. 1, Ex. A)  Plaintiff asserts

claims for the failure to satisfy the *Huffman* demand in violation of 19 *Del. C.* § 2357, bad faith

breach of contract, and seeks a declaratory judgment, compensatory and punitive damages,

attorney's fees and costs, all arising from Defendants alleged deficiencies in payment of

Plaintiff's worker's compensation benefits.  (*Id.*)

The Delaware Superior Court docket reflects that service of process was made on the

Delaware Insurance Commissioner pursuant to 18 *Del. C.* § 525(a).  The Superior Court docket

reflects the Insurance Commissioner received service for INA and ACE on October 5, 2021, and

ESIS on October 12, 2021.  (D.I. 8 at ¶¶ 2-3, Ex. A)  The record further indicates that the

Insurance Commissioner's office transmitted service of process to Defendant ACE's registered

agent on October 6, 2021.[10]  (D.I. 1, Ex. A)  Plaintiff was unable to secure service of process on

---

[8] *Seeney v. Marvel Constr. Co.*, No. 1504254 (Del. I.A.B. Nov. 4, 2021).
[9] 19 *Del. C.* § 2349 provides, in part, that "Whenever an award shall become final and conclusive pursuant to this section, the prevailing party, at any time after the running of all appeal periods, may, if a proper appeal has not been filed, file with the prothonotary's office, for the county having jurisdiction over the matter, the amount of the award and the date of the award."  19 *Del. C.* § 2349.
[10] The record does not contain a similar letter indicating the date the Delaware Insurance Commissioner mailed service to INA and ESIS.

Defendant Chubb Limited, and this Defendant was dismissed without prejudice on March 7, 2022. (D.I. 31)

On October 26, 2021, before the case was removed from Superior Court, Plaintiff obtained a final partial default judgment against Defendants INA and ACE for the liquidated amount of Plaintiff's alleged *Huffman* action for payment of the I.A.B.'s award of worker's compensation benefits pursuant to Delaware Superior Court Rule of Civil Procedure 55(b)(1). (D.I. 36)  On the same date, Plaintiff moved for default judgment on the unliquidated bad faith claim pursuant to Delaware Superior Court Rule of Civil Procedure 55(b)(2). (D.I. 35)

On November 2, 2021, Defendants jointly removed this action to this court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(a), based on diversity of citizenship. (D.I. 1)  On November 4, 2021, Plaintiff filed a motion seeking to remand the action back to state court. (D.I. 3) Plaintiff then filed a motion to amend the motion to remand on November 8, 2021. (D.I. 6)

Following removal, Defendants filed an answer to Plaintiff's complaint on November 9, 2021 and a response in opposition to Plaintiff's motion for default on November 10, 2021. (D.I. 7; D.I. 8)  On November 19, 2021, Plaintiff filed a motion to strike Defendants' answer and their opposition to Plaintiff's motion for default. (D.I. 9)  On February 2, 2022, Defendants filed a motion to vacate the partial default judgment. (D.I. 26)  Oral argument on the pending motions was held on March 22, 2022.

## III.   LEGAL STANDARD

### a.  Motion to Remand

A party may remove a case from state court to federal court under 28 U.S.C. § 1441 if the matter is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a).  If jurisdiction is based on diversity of citizenship, complete diversity must exist and the amount in

controversy must exceed $75,000.  28 U.S.C. § 1332(a).  If jurisdiction no longer exists at any time after a case has been removed, the federal court shall remand the case back to state court. 28 U.S.C. § 1447(c).  Further, 28 U.S.C. § 1445(c) prohibits removal of any state action arising under state workmen's compensation law even if it presents a federal question or there is complete diversity and the amount in controversy is met.  28 U.S.C. § 1445(c) ("[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States"); *see Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1244-45 (8th Cir. 1995); *see also Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724 (7th Cir. 1994); *see also Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991).

### b.  Motion to Strike

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *The Penn Mut. Life Ins. Co. v. Norma Espinosa 2007–1 Ins. Tr.*, C.A. No. 09-300-LPS, 2011 WL 710970, at *4 (D. Del. Feb. 22, 2011) (citing *McInerney v. Mayer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). District courts are afforded "considerable discretion" when addressing a motion to strike. *Yellow Book Sales & Distribution Co., Inc. v. White*, 2011 WL 830520, at *4 (E.D. Pa. Mar. 10, 2011). However, granting a motion to strike is generally disfavored and considered "a drastic remedy to be resorted to only when required for the interests of justice." *Plaum v. Jefferson Pilot Fin. Ins. Co.*, 2004 WL 2980415, at *2 (E.D. Pa. Dec. 22, 2004).  Even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the moving party shows that the allegations have no possible relation to the controversy

and will prejudice the moving party.  *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotations omitted); *see also Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499, 505 (D. Del. 1977).  When ruling on a motion to strike, the court must construe all facts in favor of the nonmoving party, and only grant the motion when the allegation is clearly insufficient.  *Juniper Networks, Inc. v. Palo Alto Networks*, Inc., 881 F. Supp. 2d 603, 605 (D. Del. 2012).

### c.  Vacating Motion for Default and Default Judgment

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause, and ... may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b) provides that the court may relieve a party from final judgment and sets forth six independent grounds for granting such relief, including mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1), or a void judgment under Rule 60(b)(4).

Generally, entries of default and default judgments are disfavored by the courts, and when a defendant moves to set aside the entry of default or a default judgment, the law "require[s] [that] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"  *United States v. $55,518.55 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir.1984) (citation omitted).  Moreover, the "decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) and a default judgment pursuant to Fed. R. Civ. P. 60(b)(1) is left primarily to the discretion of the district court."  *Id*. at 194.

## IV.   DISCUSSION

### a.  Plaintiff's Motion to Remand

Plaintiff argues that Counts IV, V, and VI of the complaint relating to the *Huffman* action pursuant to 19 *Del. C.* § 2357, assert claims arising under Delaware's Workers' Compensation

Law ("WCL"), therefore, they are not subject to removal under 28 U.S.C. § 1445(c).  (D.I. 3)
Plaintiff does not support this argument with any case authorities from this Circuit.  (*Id.*)
Moreover, the District Court has previously ruled in *Correa v. Pa. Mfrs. Ass'n Ins. Co.* that an
employee may "maintain a suit to redress intentional and bad faith conduct by either an employer
or the employer's insurance carrier in delaying or terminating worker's compensation benefit
payments, notwithstanding the exclusivity provision of the Delaware worker's compensation
statute, 19 *Del. C.* § 2304." *Correa,* 618 F. Supp. at 924-25.

A *Huffman* demand had not been made in *Correa,* therefore, the District Court did not
address whether that would have affected the Plaintiffs' ability to maintain a bad faith action.  *Id.*
at 921-22.  However, in *Pierce v. Int'l Ins. Co. of Ill.*, the Delaware Supreme Court found the
reasoning of *Correa* persuasive and likewise ruled that an employee, as a third-party beneficiary
of his employer's workers' compensation insurance contract, may maintain a civil action against
a workers' compensation insurer who violates the duty of good faith and fair dealing when it
delays or terminates payment of a claim in bad faith.  *Pierce v. Int'l Ins. Co. of Ill.*, 671 A.2d
1361, 1362 (Del. 1996).  The court's rationale is that the bad faith claim is based upon conduct
of the insurer that occurred *after* the work-related accident, thus, the exclusivity provision of the
WCL is inapplicable.  *Id.* at 1365.

Most recently in *Ford v. Sedgwick Claims Mgmt. Servs., Inc.*, the Delaware Superior
Court, in a decision affirmed by the Delaware Supreme Court, ruled that a *Huffman* clam arises
from the employer or insurer's failure to pay benefits upon demand, thus, it is based on claims
handling conduct and "is not an event that can be considered one in the same as the original
workplace injury." *Ford v. Sedgwick Claims Mgmt. Servs., Inc.*, 2020 WL 2557141, at *6 (Del.

8

Super. Ct. May 20, 2020). *Ford* holds that both the *Huffman* action and the bad faith action must be brought in the same civil suit to avoid the prohibition on "claim splitting." *Id.* at \*6-7.

Plaintiff's reliance on 19 *Del. C.* § 2322F(h) to satisfy the requirement of Section 1445(c) for remanding a cause of action "arising under" the WCL misinterprets the medical bill invoice payment provision of the WCL. (D.I. 6 at 3-4) All that Section 2322F(h) accomplishes is to set a 30-day period for the compensation insurer to pay a health care provider's bill unless there is a "good faith" basis to challenge the bill. 19 *Del. C.* § 2322F(h). The mention of "good faith" does not give the I.A.B. authority to adjudicate bad faith claims against the insurer, nor does it provide any remedy for bad faith claims handling, such as punitive damages. *Id.* Significantly, it does not alter the analysis that unjustified or deficient claims handling by the worker's compensation insurer is actionable conduct independent of the original workplace injury. *See* 19 *Del. C.* § 2357.

The foregoing authorities unequivocally establish that *Huffman* and bad faith actions fall outside of the exclusivity provisions of the WCL and may be asserted together in a civil suit in a court of competent jurisdiction. *See Huffman,* 432 A.2d at 1210 (holding that a claim under 19 *Del. C.* § 2357 invokes 19 *Del. C.* § 1113(a), which "grants jurisdiction over such cases to 'any court of competent jurisdiction'"). They do not "arise under" the WCL because they are based on independent conduct in claims handling by the insurer that occurs after the industrial accident. *Ford,* 2020 WL 2557141, at \*6. Therefore, 28 U.S.C. § 1445(c) is not a bar to removal of the action on these combined claims to the District Court. Plaintiff's argument to the contrary is without merit, and the court recommends denying the motion to remand.

**b. Plaintiff's Motion to Strike Defendants' Answer and to Strike Defendants' Opposition to Plaintiff's Motion for Default**

The Plaintiff moves to strike Defendants' answer filed after removal and preclude Defendants from setting aside or opposing Plaintiff's partial default judgment and motion for default judgment which were filed in the Delaware Superior Court prior to removal. (D.I. 9) In the motion to strike, Plaintiff fails to acknowledge that Defendants' removal was timely under 28 U.S.C. § 1446(b) ("The notice of removal…shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading") and their answer was timely under Rule 81(c)(2)(C) ("A defendant who did not answer before removal must answer or present other defenses…within…7 days after the notice of removal is filed"). Moreover, Plaintiff fails to acknowledge that the Defendant, ESIS, was not defaulted nor was it included in the pending motion for default judgment prior to its joinder in removal to the District Court. (D.I. 35-36) Thus, the motion to strike has no effect on ESIS' timely removal, appearance, and answer to the complaint.

Plaintiff misapprehends the court's jurisdiction and procedural rules following removal. Plaintiff incorrectly argues that this court can only address the validity of the partial default judgment and motion for default judgment based on application of the Delaware Superior Court Rules of Civil Procedure applicable to an entry of appearance for a party and the twenty-day time period for responding to a complaint.[11] (D.I. 10 at 7-14)

_____

[11] Del. Super. Ct. Civ. R. 5(aa)(1) provides that "Appearance may be made by the service and filing of notice thereof, or by the service or filing of any motion or pleading purporting to be responsive to, or affecting the complaint, except that appearance for purpose of satisfying a judgment, when appearance may be made by notation thereof on the judgment docket." Del. Super. Ct. Civ. R. 12(a) provides that "a defendant shall serve an answer within 20 days after service of process, complaint and affidavit, if any, upon that defendant."

However, the federal court "takes the case as it finds it on removal and treats everything

that occurred in the state court as if it had taken place in federal court." *Maggiore v. Barensfeld*,

2011 WL 1811067, at *2 (N.D. Ohio May 12, 2011) (quoting *Butner v. Neustadter*, 324 F.2d

783, 785 (9th Cir. 1963)).  Accordingly, the Federal Rules of Civil Procedure are the only

procedural rules the court applies to a removed action.

Plaintiff begins by arguing that it was improper for the Defendants to file an answer to

the complaint because of the existence of a final default judgment entered in the Superior Court

on August 24, 2021, based on an underlying I.A.B. award of worker's compensation benefits to

the Plaintiff. (D.I. 10 at 8)  However, the complaint in the instant case was filed in the Superior

Court on September 30, 2021. (D.I. 1, Ex. A)  The complaint makes no mention of the default

judgment of August 24, 2021, notwithstanding the overlapping facts concerning unpaid worker's

compensation benefits which are the subject matter of the instant suit.  (*Id.*)  Therefore, any

default judgment entered before this case started is not part of the removed action and has no

relevance to the resolution of the pending motions in this case.

Plaintiff further contends that a partial default judgment entered by the Superior Court on

October 26, 2021, on the liquidated damages counts in the complaint prohibits the Defendants

from filing an answer to the complaint. (D.I. 10 at 8-14)  The Plaintiff relies on the *Maggiore*

decision, in which the federal court remanded the case to state court because removal was

unavailable to save the Defendant from a default judgment that had already been entered as a

final judgment by the state court prior to removal.  *Maggiore*, 2011 WL 1811067, at *3-4.

However, *Maggiore* is inapplicable if the default judgment is defective or may be vacated.  *See,*

*e.g., Burroughs v. Palumbo*, 871 F. Supp. 870, 872 (E.D. Va. 1994).  In *Burroughs,* the

Defendant timely filed a notice of removal after the expiration of time for filing an answer in

state court but before a default judgment had been entered against him. *Id.* at 871. In the short window of time following removal but before the notice of removal was provided, the state court entered a default in appearance. *Id.* The Defendant asked the federal court to set aside the default on the grounds that the state court had lost jurisdiction to enter it due to removal to federal court. *Id.* The federal court ruled that the gap in time created a situation where the jurisdiction of the state and federal court was "concurrent," and the case had been removed with the default in appearance intact. *Id.* However, because the default had not been reduced to a final judgment and the Defendant established a reasonable basis to set it aside, there was no requirement to remand the case. *Id.* at 871-873.

Here, it is undisputed that two of the three removing Defendants were out of time to file an answer in Superior Court but timely removed the case to District Court. (D.I. 8 at ¶¶ 2-3, Ex. A); *see* Del. Super. Ct. Civ. R. 12(a); *see also* 28 U.S.C. § 1446(b). Furthermore, following removal, an answer to the complaint was filed within the seven-day period required by Rule 81(c)(2)(C). Even if the court accepts Plaintiff's argument that a final partial default judgment was intact when this case was removed, Plaintiff fails to explain any basis under the Federal Rules of Civil Procedure for striking the removing Defendants' answer to the bad faith counts in the complaint that were not part of that default judgment. Similarly, Plaintiff fails to provide any authority for striking Defendants' opposition to the pending motion for default on the bad faith counts of the complaint. Therefore, the court recommends denying Plaintiff's motion to strike Defendants' answer and opposition briefs following the removal of the case to this court.

### c. Cross-Motions Regarding Default Judgments

Having recommended that the case has been properly removed and should not be remanded, the court must make a recommendation as to which counts of the complaint remain to

12

be litigated. The court applies federal procedural rules to determine if the default judgment should be vacated and motion for default denied. *See* Fed. R. Civ. P. 81(c)(1) ("These [federal] rules apply to a civil action after it is removed from a State court").

Before removal, the partial default judgment and motion for default judgment were both filed on October 26, 2021. (D.I. 35; D.I. 36)  Each was supported by the affidavit of Plaintiff's counsel verifying proper service of process was completed on October 5, 2021. (D.I. 35 at 12 ¶¶ 10-13; D.I. 36 at 4 ¶ 2)  In each of the affidavits, Plaintiff's counsel represented that Defendants' answers were due by October 25, 2021, and they had not responded within that time. (*Id.*)

However, Plaintiff made a mistake in calculating the deadline for the Defendants' responsive pleading.  Plaintiff failed to incorporate the additional three days for completion of service of process on an insurer when process is served on the Insurance Commissioner pursuant to 18 *Del. C.* § 525(b).[12]  Giving the Plaintiff the benefit of the shortest time frame, the Defendants had at least until October 28, 2021 (October 5 plus three days plus 20 days) to respond to the complaint.  Accordingly, the default judgment and motion for default judgment were filed prematurely and are void under Rule 60(b)(4). *See* Fed. R. Civ. P. 60(b)(4) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void").

In their supporting and opposing arguments on the motion to vacate the default judgment, both sides argue the wrong factors under Rule 55(c) and Rule 60(b)(1).[13]  (*See* D.I. 26 at 1, 3-7;

---

[12] 18 Del. C. § 525(b) provides that "Upon such service the Commissioner shall forthwith mail by certified mail 1 of the copies of such process to the person currently designated by the insurer to receive the same as provided in § 524(e) of this title. *Service of such process shall not be complete until 3 days after the same has been so mailed.*" 18 *Del. C.* § 525(b) (emphasis added).
[13] On a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1), the court must consider the following three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of

*See* D.I. 27 at 6-10)  The analysis under Rule 55(c) or Rule 60(b)(1) only applies when the default judgment was authorized and the "only question before the district court is whether to exercise its discretion to set aside the default." *Gold Kist*, 756 F.2d at 19; *see U.S. v. One Toshiba Color T.V.*, 213 F.3d 147, 156-58 (3d Cir. 2000).  If the default judgment was improperly entered, the district court would err in not setting it aside. *Id.* Here, as in *Gold Kist*, the time for filing an answer had not expired, thus, the default judgment was improperly entered, and the court recommends vacating it and denying Plaintiff's motion for default judgment, pursuant to Rule 60(b)(4).

In accordance with the court's recommendations, which are dependent upon adoption by the District Judge, the next step in this case is for the parties to engage in the Rule 26(f) conference so the matter may be set for a Rule 16 scheduling conference.  A separate scheduling order shall issue.

## V.   CONCLUSION

For the foregoing reasons, the court recommends DENYING Plaintiff's motion to remand (D.I. 3; D.I. 6) and motion to strike (D.I. 9) and GRANTING Defendants' motion to vacate the partial default judgment (D.I. 26).

| Motion | Recommendation |
|---|---|
| Motion to Remand (D.I. 3; D.I. 6) | DENY |
| Motion to Strike Defendants' Answer and Defendants' Response in Opposition to Motion for Default (D.I. 9) | DENY |
| Motion to Vacate Partial Default Judgment (D.I. 26) | GRANT |

the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985).

14

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated:  March 24, 2022

Sherry R. Fallon
United States Magistrate Judge

15