IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARAH SULLIVAN, as personal representative of THE ESTATE OF RICHARD SEENEY, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No. 21-1564 (MN) |
| INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, ACE PROPERTY AND CASUALTY INSURANCE CO., a Pennsylvania corporation, ESIS, INC., a Pennsylvania corporation and CHUBB LIMITED, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Joseph Andrews, Taylor E. Trapp, LAW OFFICES OF JOSEPH ANDREWS, Dover, DE – Attorneys for Plaintiff.

Joseph J. Bellew, Daniel P. Klusman, WHITE AND WILLIAMS LLP, Wilmington, DE – Attorneys for Defendants Insurance Company of North America, Ace Property and Casualty Company, and ESIS, Inc.

June 28, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On March 24, 2022, Magistrate Judge Fallon issued a Report and Recommendation ("the Report") (D.I. 41) recommending that the Court deny Plaintiff's motions to remand (D.I. 3, D.I. 6) and motion to strike Defendants' answer (D.I. 9), and grant Defendants' motion to vacate the partial default judgment (D.I. 26). On April 7, 2022, Plaintiff filed objections to the Report as to the motion strike and the motion to vacate the partial default judgment.[1] (D.I. 42). On April 21, 2022, Defendants Insurance Company of North America ("INA"), Ace Property and Casualty Insurance Company ("ACE"), and ESIS, Inc. ("ESIS") responded to Plaintiff's objections. (D.I. 43).

The Court has reviewed the Report, the objections and the responses thereto, and has considered *de novo* the portions of the Report objected to. 28 U.S.C. § 636(b)(l); FED. R. CIV. P. 72(b)(3). For the reasons set forth below, the objections to the Report are OVERRULED and the Report is ADOPTED.

### I. LEGAL STANDARDS

#### A. Motion to Strike

District courts are afforded "considerable discretion" when addressing a motion to strike. *Yellow Book Sales & Distribution Co., Inc. v. White*, 2011 WL 830520, at *4 (E.D. Pa Mar. 10, 2011). Granting a motion to strike, however, is generally disfavored and considered "a drastic remedy to be resorted to only when required for the interests of justice." *Plaum v. Jefferson Pilot Fin. Ins. Co.*, 2004 WL 2980415, at *2 (E.D. Pa. Dec. 22, 2004). When ruling on a motion to

---

[1] Plaintiff did not object to the Report's recommendation on the motions to remand. Finding no clear error on the face of the record as to those motions, the Report is adopted as to those motions.

strike, the court must construe all facts in favor of the nonmoving party, and only grant the motion when the allegation is clearly insufficient. *Juniper Networks, Inc. v. Palo Alto Networks, Inc.*, 881 F. Supp. 2d 603, 605 (D. Del. 2012).

### B. Default Judgment

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Whether a default judgment should be entered requires consideration of three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court "may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), and evaluating such a motion requires consideration of the same three factors applicable to whether to enter a default judgment, *see United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Entry of default or default judgment is disfavored, and doubtful cases are "resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *Id.* at 194-95 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

## II. DISCUSSION

Plaintiff has three objections to the Report: the reference to the date Defendants confirmed receipt of medical bills, the description of the August 24, 2021 judgment as a default judgment, and the determination that Plaintiff's motion for default judgment and motion for entry of default were premature and void under Rule 60(B)(4). The Court addresses each in turn.

### A. Receipt of Medical Bills

Plaintiff objects to the "allegation on Page 4 of [the Report] that 'September 8, 2021' is the date that Defendants received the medical bills at issue in the case at bar." (D.I. 42 at 1). This

statement was made in the "Background" section of the Report, and it is unclear what the relevance of the statement is to the motion to strike or the motion to vacate. In any event, based on the citation in the Report, the Court understands that Plaintiff's employer (Marvel Construction) "denie[d] that [Seeney] submitted the Fresenius bills from July 2020 to July 2021 to [Marvel Construction] until late August of 2021, which was after the appeal time for the Board's comprehensive July 20, 2021 Decision had run." (D.I. 6, Ex. 2 at 1-2). And Marvel Construction conceded that "Fresenius bills were submitted to it by the time of the September 8, 2021 motion hearing." (*Id.* at 2).

### B.     Judgment Transferred to Superior Court on August 24, 2021

Plaintiff objects to the Report's description of the judgment transferred from the Industrial Accident Board ("the I.A.B.") to the Superior Court on August 24, 2021 pursuant to 19 Del. C. § 2349 as a "default judgment." (D.I. 42 at 3). Plaintiff concedes that the Report states that the August 24, 2021 judgment "is not part of the removed action and has no relevance to the resolution of the pending motions in this case." The reference to the judgment as a "default judgment" thus had no apparent bearing on the findings in the Report. To the extent it is necessary to do so, this Court understands that the judgment transferred from the I.A.B. to Superior Court on August 24, 2021 is a "judgment."

### C.     The Partial Default Judgment

Plaintiff objects to the Report's finding that the partial default judgment and motion for default against Defendants INA and ACE filed in State Court were void under Rule 60(b)(4). (D.I. 42 at 4). Here, the partial default judgment and motion for default judgment were both filed on October 26, 2021. (D.I. 35; D.I. 36). Each was supported by the affidavit of Plaintiff's counsel verifying proper service of process was completed on October 5, 2021. (D.I. 35 ¶¶ 10-13; D.I. 36

3

¶ 2).  In each of the affidavits, Plaintiff's counsel represented that Defendants' answers were due by October 25, 2021, and they had not responded within that time.  (*Id.*).  Plaintiff does not, however, dispute that pursuant to 18 Del. C. § 525(b), "[s]ervice of such process shall not be completed until 3 days after the same has been so mailed."  Therefore, as the Report stated, "[g]iving the Plaintiff the benefit of the shortest time frame, the Defendants had at least until October 28, 2021 (October 5 plus three days plus 20 days) to respond to the complaint."

Plaintiff asserts that Defendants admitted that INA and ACE were served on October 5, 2021[2] and therefore they were out of time to answer.  The Court disagrees that the cited documents evidence an admission that those Defendants were "out of time to answer."  Moreover, the Court disagrees with Plaintiff's assertion that its prematurely filed October 26 motion simply became ripe after October 28, 2021.  Indeed, as Defendants assert under that logic, Plaintiff "could have filed for default the day after he filed the complaint and then waited for it to 'become ripe' for adjudication." (D.I. 43 at 7).  That is not how motion practice works.

Finally, the Court agrees that *Maggiore v. Barensfeld*, No. 5:10CV2622, 2011 WL 1811067 (N.D. Ohio May 12, 2011) is not applicable to the facts here.  Plaintiff failed to comply with state law by filing for default prematurely.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED and the Report is ADOPTED.  An appropriate order will follow.

---

[2]  The Insurance Commissioner received service for ESIS on October 12, 2021, Plaintiff only takes issue with service for INA and ACE.