IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARAH SULLIVAN, *personal representative of the estate of Richard Seeney*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-1564-MN-SRF |
| INSURANCE CO. OF NORTH AMERICA, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION[1]

Presently before the court in this insurance bad faith breach of contract action is Plaintiff's Motion to Amend the Complaint[2] to add an additional defendant, Edward Bouscaren ("Bouscaren"), the claims adjuster employed by Defendant, ESIS, Inc. ("ESIS"). (D.I. 53) For the reasons set forth below, the Motion to Amend the Complaint is DENIED.

### I.   BACKGROUND

A broader discussion of the facts is included in the court's Report and Recommendation, (D.I. 41), adopted by Order of the court on June 28, 2022, which denied Plaintiff's motion to remand among other related motions. (D.I. 52) Therefore, the court will focus on the facts relevant to disposition of the pending motion.

---

[1] Motions to amend are generally treated as "non-dispositive" motions within the pretrial authority of a magistrate judge on referral unless they dispose of the lawsuit or a party's claim. *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) (citing *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998)); *Ingevity Corp. v. BASF Corp.*, No. 18-cv-1391-RGA, 2020 WL 1329604, at *2 (D. Del. Mar. 23, 2020); *Smith v. State of Delaware*, No. 07-600-JJF-LPS, 2009 WL 2175635, at *1 n.2 (D. Del. July 21, 2009).

[2] The briefing for this motion is as follows: Plaintiff's motion and memorandum in support thereof (D.I. 53), Defendants' response (D.I. 59), and Plaintiff's reply (D.I. 60).

In 1969, Plaintiff Richard Seeney ("Seeney"),[3] a Delaware citizen, was catastrophically injured in an industrial accident while working for Marvel Construction Co. ("Marvel"). (D.I. 1-1 at ¶¶ 1, 16–17) He filed for worker's compensation benefits before the Industrial Accident Board ("IAB" or "Board") seeking lifetime compensation for his medical expenses and total disability as he met the criteria for catastrophic loss under the statute. (*Id.* at ¶ 17) *See Seeney v. Marvel Constr. Co.*, No. 1504254 (Del. I.A.B. July 20, 2021).

The complaint in the instant suit alleges that for "decades" his employer's insurer, Insurance Company of North America ("INA") and third-party administrator, ESIS, failed to satisfy their obligations to pay worker's compensation benefits to Seeney. (*See e.g.*, D.I. 1-1 at ¶¶ 8, 23, 31) Bouscaren was employed by ESIS as the claims adjuster assigned to Seeney's claim. (*Id.* at 37) In a written decision on July 20, 2021, the IAB found:

> The Board feels compelled to add that it believes ESIS acted egregiously in handling [Seeney's] claim over the past 52 years and it finds Mr. Bouscaren's testimony is not credible. Although Mr. Bouscaren testified that an adjustor needs to be responsive to a claimant, he and the other adjustors at ESIS have not been responsive to [Seeney] in a timely manner over the decades of this claim.

(*Id.* at 202–03)

On July 22, 2021, the Plaintiff presented a written demand, known as a *Huffman* demand, for payment of medical expenses the IAB found compensable. (*Id.* at ¶ 32) *See Huffman v. C.C. Oliphant & Sons*, 432 A.2d 1207 (Del. 1981). When the demand was not satisfied within 30 days, the Plaintiff filed the pending suit in the Superior Court of the State of Delaware on September 30, 2021, (D.I. 1-1 at 9), and removal to this court followed on November 2, 2021. (D.I. 1) The suit was originally brought against Defendants, INA, its parent company, ACE

---

[3] Seeney died while the instant suit was pending, and Sarah Sullivan, the Personal Representative of his estate, was substituted as the Plaintiff on May 20, 2022. (D.I. 47; D.I. 48)

2

Property & Casualty Insurance Company ("ACE"), and ESIS, which is wholly owned by ACE. (D.I. 1-1 at ¶¶ 2–4) All three companies are Pennsylvania corporations for purposes of diversity jurisdiction. (*Id.*; D.I. 1 at 2) In addition to the *Huffman* claim, the complaint seeks a declaratory judgment and alleges Defendants breached their contractual obligations in bad faith. (D.I. 1-1 at ¶¶ 51–58) The damages demanded by the Plaintiff include punitive damages and attorneys' fees in addition to compensatory damages. (*Id.* at ¶¶ 59–75)

The present motion arises from the IAB's criticism of Bouscaren's claim handling conduct as previously quoted in its July 20, 2021, decision, *supra*. The same quote was repeated in the IAB's "Certification of Facts To Any Judge of the Superior Court" ("Certification of Facts") on June 3, 2022. (D.I. 53-1 at 7) It appears that while the instant litigation was pending, Plaintiff sought a contempt order against the Defendants for their alleged repeated unjustified delay and/or failure to comply with the Board's orders. (*Id.* at 1) The IAB does not have authority to issue a contempt order directly, therefore, the Certification of Facts granted Seeney's request for a referral to the Superior Court to adjudicate contempt proceedings against the Defendants.[4] (*Id.* at 1–2)

On July 29, 2022, shortly after the Plaintiff was unsuccessful in her motion to return this case to the Delaware Superior Court, she filed the instant motion to add Bouscaren as an additional Defendant on the existing claims in the complaint. (D.I. 53) Bouscaren is a Delaware citizen, so amendment to the complaint would defeat diversity and terminate the court's subject matter jurisdiction. (D.I. 53-2 at ¶ 6)

---

[4] Plaintiff has not provided any additional information, nor could the court locate the current status of contempt proceedings, if any, in Superior Court.

3

## II.     LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the court's discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 486–87 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

## III.    DISCUSSION

In her opening brief, Plaintiff does not address amendment under Fed. R. Civ. P. 15(a) instead relying upon the joinder provision of Fed. R. Civ. P. 20(a)(2) as the basis for adding Bouscaren as an additional defendant. (D.I. 53 at ¶ 10) Rule 20 addresses the circumstances under which joinder is permitted. However, Plaintiff ignores the fact that adding a new party would require an amendment to the pleading pursuant to Fed. R. Civ. P. 15(a). *See Desmond v. Phelps*, No. 12-1120-SLR, 2014 WL 4463015, at *1 (D. Del. Sept. 10, 2014) (addressing amendments under both Rule 15 and 20); *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, No. 15-634-JFB-SRF, 2018 WL 11426956 at *11 (D. Del. Feb. 28, 2018) (applying Rule 15 and Rule 20 to amendments to a counterclaim). In Plaintiff's reply, she admits the relief she seeks is an amendment. (*See* D.I. 60 at 3–4)

4

Plaintiff seeks to add the claims adjuster for ESIS, Bouscaren, because he was twice singled out by the IAB in written decisions criticizing his handling of Seeney's worker's compensation claim and may be individually exposed to being held in contempt. (D.I. 53 at ¶¶ 5–7; D.I. 1-1 at 202–03; D.I. 53-1 at 7) Defendants oppose Plaintiff's Motion to Amend on the basis that amendment is futile and its only purpose is to destroy diversity jurisdiction, necessitating a remand of the case to state court. (*See* D.I. 59) In addition, Defendants improperly argue in a footnote that the bad faith claims against ESIS should be dismissed for the same reasons no viable claim can be asserted against the individual adjuster. (*Id.* at 1 n.1) The court will not entertain arguments placed in a footnote and for which no formal motion has been filed. Moreover, Defendants' argument is not persuasive. The Delaware Superior Court has allowed a plaintiff to assert a claim directly against the third-party administrator for its bad faith handling of a worker's compensation claim because it found the third-party administrator's duty was coextensive with the insurer. *See Ferrari v. Helmsman Mgmt. Servs., LLC*, No. N17C-04-270 MMJ, 2020 WL 3444106, at *3–5 (Del. Super. Ct. June 23, 2020). Nonetheless, the court agrees that amendment of the complaint to add Bouscaren as a defendant is futile and its only purpose is to defeat the court's diversity jurisdiction.

A.   **Futility**

In deciding whether amendment is futile under Fed. R. Civ. P. 15(a), the court applies the standard under Fed. R. Civ. P. 12(b)(6) for determining the sufficiency of the pleading. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 878, 878 (3d Cir. 2018). The proposed amended pleading must fail to state a claim upon which relief could be granted even after the district court "tak[es] all pleaded allegations as true and view[s] them in a light most

favorable to the plaintiff." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007)).

Defendants argue Plaintiff's Motion to Amend should be denied because the Plaintiff's *Huffman* and bad faith claims cannot be asserted against an individual claims adjuster as a matter of law. (D.I. 59 at ¶¶ 5–10) Specifically, Defendants argue that because Bouscaren is not a party to the insurance contract at issue, under Delaware law, Plaintiff cannot assert a claim for bad faith breach of contract against him.[5] (*Id.* at ¶ 10)

Defendants argue the futility of the amendment based on *Brousseau*, a case in which this court dismissed bad faith claims against two employees of an insurance company who denied plaintiff's first party claim for long term disability benefits. (*Id.* at ¶ 9) *See Brousseau v. Laccetti*, No. 09-403 (JAP), 2009 WL 4015647 (D. Del. Nov. 16, 2009). In *Brousseau*, the plaintiff brought a bad faith claim against the claims representative and the insurer's appeals specialist. *Id.* at *1. The court dismissed the claims against both, stating, "that a 'first-party claim against an insurer for bad faith denial . . . sounds in contract.'" *Id.* at *2 (quoting *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 440 (Del. 2005)). Therefore, "[s]ince [the claims representative and appeals specialist] were not parties to the contract, the law is clear that they cannot be liable for any bad faith covenants stemming from the terms of the contract." *Id.* at *3.

Plaintiff contends that *Brousseau* is inapplicable because the facts of this case differ in two significant ways. (D.I. 60 at 2) First, Plaintiff argues that the reasoning in *Brousseau* only applies to bad faith based claims, and, therefore, the presence of non-bad faith causes of actions in her complaint takes this case outside of *Brousseau*'s scope. (*Id.* at 2–3) Second, Plaintiff

---

[5] Plaintiff does not dispute that Delaware law governs nor that the bad faith claims arise from an insurance contract. (*See* D.I. 60)

6

points to the Certification of Facts for contempt proceedings and contends this shows Bouscaren's own actions played a major part in the Defendants' mishandling of Seeney's claim for decades. (*Id.* at 3)

Plaintiff has not asserted any new claims against Bouscaren and has failed to demonstrate that Bouscaren is a necessary defendant for a full and fair adjudication of liability and damages for the existing claims. Aside from the bad faith claim (Counts II & III), Plaintiff asserts a *Huffman* claim (Counts IV–VI) and seeks a declaratory judgment (Count I) that the Defendants breached their obligations to timely pay workers compensation benefits owed to Seeney. (D.I. 1-1 at ¶¶ 51–54, 62–72) The declaratory judgment action arises from Defendants' obligations under the workers compensation insurance policy. Therefore, declaratory relief is not available against the individual claims adjuster for the same reasons that he is not individually exposed to liability for bad faith, discussed *supra*. Moreover, the *Huffman* claim is a statutory remedy. The workers compensation statute does not create a cause of action against the individual claims adjuster who did not timely respond to the *Huffman* demand. *See* 19 *Del. C.* § 2357 ("If default is made by the employer . . . the amount may be recovered in the same manner as claims for wages"); 19 *Del. C.* §§ 1103(b), 1113(c) (designating the *employer* liable for liquidated damages and attorney's fees); *Huffman*, 432 A.2d at 1210–11.

Next, without citing any authority, Plaintiff argues that Bouscaren's potential exposure to a finding of contempt renders him individually liable to the Plaintiff in the instant case. (D.I. 60 at 3) To the extent any contempt proceeding is underway in the Superior Court, it has no bearing on claims asserted in the instant case. Such proceedings are parallel proceedings concerning non-compliance with IAB orders directed to the parties bound to comply with such orders. Contempt certification by the IAB does not create a cause of action interchangeable with the bad

faith and *Huffman* claims pending before this court nor does this court have jurisdiction to find Bouscaren, individually, in contempt of an IAB order. Thus, the court finds that the Plaintiff's proposed amendment to add Bouscaren as another defendant is futile.

**B.     *Hensgens* Test for Adding a Non-Diverse Defendant**

Defendants argue that Plaintiff's motion to amend to add Bouscaren also fails pursuant to 28 U.S.C. § 1447(e).[6] (D.I. 59 at ¶¶ 11–26) While Rule 15(a) deals with amendments generally, most courts addressing amendments to add a non-diverse defendant in a removed case have "scrutinize[d] that amendment more closely." *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840 (3d. Cir. 2014) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *see generally* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Fed. Prac. & Proc.* § 1477 (3d ed.) ("[A] a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.").

When ruling on motions to add non-diverse defendants, this court and others within the Third Circuit have adopted the Fifth Circuit's analysis in *Hensgens*. *See, e.g., Avenatti v. Fox News Network LLC*, No. 20-cv-01541-SB, 2021 WL 2143037, at *2–4 (D. Del. May 26, 2021), *aff'd*, 41 F.4th 125, 136 (3d Cir. 2022) (finding "the District Court's *Hensgens* analysis was persuasive and well-supported"); *Brennerman v. Guardian News & Media Ltd.*, No. 1:14-cv-00188-SLR-SRF, 2015 WL 9484466, at *5–8 (D. Del. Dec. 29, 2015); *Gumberg Assocs. – Chapel Square v. Keybank Nat'l Ass'n*, No. 2:20-CV-01661-CCW, 2021 WL 492880, at *3–6 (W.D. Pa. Feb. 10, 2021).

---

[6] Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

The *Hensgens* analysis consists of four factors: "whether the amendment's *purpose* is to defeat diversity jurisdiction; whether denying amendment will *prejudice* the plaintiff; whether the plaintiff has *delayed* in seeking to amend; and any other equities." *Avenatti*, 2021 WL 2143037, at *3 (citing *Hensgens*, 833 F.3d at 1182) (emphasis in original). For the reasons which follow, the court finds the Plaintiff's proposed amendment fails the *Hensgens* test on all four factors, so the amendment to add non-diverse defendant Bouscaren is denied.

1. Intent to Defeat Diversity

As this court has previously stated, "[t]he timing of the post removal joinder along with [p]laintiff's knowledge of the [non-diverse] defendant at the time the suit was originally brought demonstrate a purpose to destroy diversity." *Brennerman*, 2015 WL 9484466, at *6. In *Brennerman*, the non-diverse defendant had already been identified in plaintiffs' original complaint, yet plaintiffs waited until the case was removed before moving to add him as a defendant. *Id.* On such facts, the court disregarded the plaintiffs' argument that it would have been "impractical" for them to "bring a claim against [the defendant] sooner." *Id. See also Avenatti,* 41 F.4th at 135 (stating the district court did not abuse its discretion in finding that plaintiff's discussion of a non-diverse defendant in the original complaint without including him as an original defendant helped evince a purpose of defeating diversity jurisdiction).

Here, it is undisputed that Plaintiff had knowledge of Bouscaren's potential liability when Seeney originally filed his complaint on September 30, 2021. (D.I. 1-1 at ¶ 23) Bouscaren's questionable credibility and non-responsiveness was expressly mentioned by the IAB as influencing the outcome of its July 20, 2021, decision, which pre-dated the filing of the original complaint. (*Id.* at 37, 202–03) Nonetheless, Plaintiff argues that knowledge of Bouscaren's involvement in the case should not weigh against adding him as a defendant because it was not

9

certain whether such a claim would survive a 12(b)(6) motion until the Board issued its Certification of Facts on June 3, 2022. (D.I. 60 at 4) The court finds this argument unpersuasive because the Certification of Facts does no more than reiterate the Board's findings from its earlier decision. (D.I. 53-1 at 7)

Moreover, Plaintiff's timing in filing the pending motion on July 29, 2022, about a month after her motion to remand was denied and nearly two months after the Board issued the Certification of Facts suggests its purpose is to remove this court's subject matter jurisdiction. Plaintiff does not propose to add Bouscaren based on the discovery of new facts or legal theories, rather, Plaintiff waited until all other avenues for remanding the case to Superior Court were exhausted. As in *Brennerman* and *Avenatti*, the court finds Plaintiff's motion to add Bouscaren after the court denied remand suggests its only purpose is to defeat diversity.

    2.    <u>Prejudice</u>

It is well settled that "[p]laintiffs cannot suffer injury where the outcome of any potential claim or recovery is not affected by the addition of the non-diverse defendant." *Brennerman*, 2015 WL 9484466, at *8. *See also Avenatti*, 41 F.4th at 135–36 (finding no prejudice to the plaintiff in denying joinder because any charge against the non-diverse defendant applied equally to the original defendant and nothing about the non-diverse defendant's relationship to the original defendant necessitated recovery against the non-diverse defendant alone).

Plaintiff argues generally that any plaintiff suffers injury when a court dismisses a claim against a wrongdoer. (D.I. 60 at 5) Conversely, Defendants argue: (1) Plaintiff cannot establish Bouscaren as a necessary party because any claims against him are supplemental to the claims against the other Defendants; (2) Plaintiff's potential recovery will be wholly unaffected

regardless of whether Bouscaren enters this litigation as a defendant; and (3) Plaintiff cannot suffer injury when her underlying claim is not viable under Delaware law. (D.I. 59 at ¶¶ 23–25)

Plaintiff has not asserted any separate cause of action specific to Bouscaren.[7] Other than including Bouscaren in the case caption, the proposed amendment only adds a jurisdictional paragraph that Bouscaren is a Delaware citizen, the adjuster for ESIS, and is included in the referral of all Defendants for contempt proceedings as noted in the IAB's Certification of Facts. (D.I. 53-2 at 1 and ¶¶ 6, 45)

Here, as in *Avenatti*, the Defendants are potentially liable for Bouscaren's claims handling conduct. Likewise, as in *Brennerman*, Plaintiff's original claims are unaffected, and Plaintiff is not prejudiced by the denial of the amendment to add Bouscaren as a defendant.

    3.    <u>Delay</u>

While there exists no exact formulation as to what constitutes dilatory conduct under the *Hensgens* analysis, it is clear that a court must "consider[] the length and nature of the delay." *Brennerman*, 2015 WL 9484466, at *7. In *Brennerman*, a first amended complaint filed seventy-seven days after the filing of the original complaint and forty-five days after the defendants removed the case was found dilatory. *Id.*

Here, Plaintiff filed her motion to amend the complaint nearly ten months after the filing of the original complaint and nearly nine months after the notice of removal – a much longer delay than in *Brennerman*. It is undisputed that Plaintiff had knowledge of Bouscaren's identity from the Board's July 20, 2021, decision before filing the original complaint on September 30, 2021. (D.I. 1-1 at ¶ 23) Therefore, the Plaintiff was dilatory in moving to amend to add the non-diverse defendant.

---

[7] *See supra* discussion Part III(A).

11

    4.    <u>Other Equities</u>

The court finds the equities favor the Defendants. The Defendants would be deprived of a federal forum by the late joinder of a non-diverse defendant who is not a necessary party. While plaintiffs generally have the right to choose venue by filing a complaint, diverse defendants also have a choice of forum. "Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum." *Hensgens*, 833 F.2d at 1182. *See also Wehrenberg v. Metro. Prop. and Cas. Ins. Co.*, No. 2:14-cv-01477, 2015 WL 1643043, at *7 (W.D. Pa. Apr. 9, 2015) (noting an equitable factor "is the [d]efendant's choice of a federal forum via removal as recognized by § 1447(e)"); *Massaro v. Bard Access Sys., Inc.*, 209 F.R.D. 363, 367 (E.D. Pa. 2002) (stating a court should closely scrutinize amendments that add a non-diverse defendant to "balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits").

## IV. CONCLUSION

For the foregoing reasons, the court DENIES with prejudice Plaintiff's Motion to Amend the Complaint to add Bouscaren as a defendant (D.I. 53).

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2), governing non-dispositive rulings. *See Patel*, 666 F. App'x at 136 (citing *Cont'l Cas. Co.*, 150 F.3d at 251). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: October 20, 2022

Sherry R. Fallon
United States Magistrate Judge